**Alex E. WATERS, Plaintiff,**

v.

**Sarah S. BROWN, John Doe, and Jane Doe, identified by the initial rb, Clerk Tippecanoe Superior Court, Defendants.**

**No. 4:97–CV–0058 AS.**

United States District Court, N.D. Indiana, Hammond Division.

May 12, 1998.

Alex E. Waters, Carlisle, IN, pro se.

Thomas H. Busch, Hoffman Luhman and Busch, Lafayette, IN, for Defendants.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

Plaintiff Alex Waters, a state prisoner confined at the Wabash Valley Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983, against Sarah Brown, the Tippecanoe County Clerk of Courts. The·complaint also names a John and Jane Doe, who Mr. Brown alleges are clerk's office employees, as defendants. The Doe defendants have not been served with process, and no attempt has apparently been made to identify these defendants or serve them. Defendant Brown moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(6); Mr. Waters has responded with a well crafted and very lawyerly memorandum.

A complaint states no actionable claim when it appears beyond doubt that the plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), *citing Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir.1996). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court must accept the well-pleaded factual allegations as true, and "construe such allegations in favor of the plaintiff." *Sherwin Manor Nursing Ctr. v. McAuliffe,* 37 F.3d 1216, 1219 (7th Cir.1994); *cert. denied,* 516 U.S. 862, 116 S.Ct. 172, 133 L.Ed.2d 113 (1995). Although ambiguities in the complaint should be interpreted in the plaintiff's favor, *Canedy v. Boardman,* 16 F.3d 183, 188 (7th Cir.1994), the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint, *Coates v. Illinois State Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir.1977), or ignore factual allegations set forth in the complaint that undermine the plaintiff's claim. *City Nat'l Bank of Florida·v. Checkers, Simon & Rosner,* 32 F.3d 277, 281 (7th Cir.1994).

According to the complaint, in 1993, Mr. Waters was convicted of dealing in cocaine and conspiring to deal in cocaine, after a jury trial in the Tippecanoe Superior Court. He is now serving a lengthy sentence based on that conviction. Mr. Waters filed a praecipe in the clerk's office, "requesting all papers filed or offered to be filed in the above proceedings." The clerk's office prepared the record, and Sarah S. Brown/rb signed a certification that the "record of proceedings contained all papers that was (sic) filed in" his·criminal case. Mr. Waters's conviction was affirmed on direct appeal.

In 1995, Mr. Waters filed a petition for post-conviction·relief. While he was prosecuting that petition, he discovered that jurors had sent a note to the judge while they were deliberating, which·neither he nor his trial counsel had been aware of. In this note, the jurors requested the legal definition of "possession." According to Mr. Waters, the jury instructions included possession as a lesser included offense of dealing and conspiracy, and Mr. Waters believes that the note "triggered I.C. 34–1–21–6, which mandates that the Court notify the parties or their attor-

neys if the jury desires to be informed as to any point of law arising in the case. Possession was a point of law in the case."

The plaintiff asserts that defendant Brown, and unidentified clerk's office employees, violated his rights under the Sixth and Fourteenth Amendments; to the Constitution by failing to include the jurors' note and the judge's response thereto in the appellate record. According to the complaint, the defendant had a ministerial duty to prepare a complete record for appeal, and her failure to include the juror's note and judge's response arbitrarily took away his right to appeal his conviction, resulting in his unlawful confinement.

The defendant asserts that the plaintiff's claim is precluded by the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck*, before a § 1983 plaintiff can recover damages for any harm caused by actions whose unlawfulness would render his conviction or sentence invalid, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* 512 U.S. at 487–478, 114 S.Ct. at 2372.

In response, Mr. Waters cites the court to *Curry v. Pucinski*, 864 F.Supp. 839 (N.D.Ill. 1994), in which an Illinois prisoner sued the Cook County Clerk for failing to include numerous documents in the record of appeal prepared in his case. In *Curry*, the court denied the defendant's motion for summary judgment, and allowed the case to go forward. Mr. Waters notes that *Curry* was decided after the *Heck* decision came down, and infers from this fact that *Heck v. Humphrey* has no application to this case.

*Heck* was decided before *Curry*, but the *Curry* defendant apparently did not argue the legal theory propounded in *Heck*, and *Curry* does not address the application of *Heck*, one way or the other. The court concludes that a finding in favor of Mr. Waters in this action would inevitably imply the invalidity of his conviction or sentence and, therefore, the doctrine enunciated in *Heck v.*

*Humphrey* applies to his case. Accordingly, this case must be dismissed as premature, with leave to Mr. Waters to refile it if he is able to get his conviction reversed or set aside.

Mr. Waters also attempts to distinguish this case from *Heck v. Humphrey* because the defendant's alleged failure to include the juror note in the record precluded him from presenting his claim based on that note in his direct appeal or in his petition for postconviction relief. He asserts that he "was never aware that there was [a] request from the jury for information involving a point of law arising in the case. Nor could plaintiff reasonably present this issue in a post-conviction hearing as it was discovered after the hearing." He argues that "it is likely that the state [will] raise procedural default to prevent this issue from being heard in a habeas petition," thus "(e)ffectively denying plaintiff any opportunity to fairly present the issue in any court of law."

But the court cannot presume that the state courts will refuse to review Mr. Waters's conviction based on this newly discovered claim. Moreover, even if the state courts do not review this claim on the merits because he did not present it earlier, and the state does argue procedural default in response to a habeas corpus petition, the federal courts may still review the claim if Mr. Waters can establish "cause and prejudice." *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639 91 L.Ed.2d 397 (1986). To overcome procedural default, a petitioner may show that some external factor (such as not being informed of the jury note) was the cause of his default. *Murray v. Carrier*, 477 U.S. at 489, 106 S.Ct. at 2645. If the cause element is satisfied, then the petitioner must also show that he was prejudiced by the default. In the alternative, a petitioner may claim, in extraordinary cases, that he is actually innocent and that a fundamental miscarriage of justice has occurred. *Id.* 477 U.S. at 497, 106 S.Ct. at 2649.

For the foregoing reasons, the court GRANTS the defendant's dismissal motion (docket # 19), and DISMISSES the complaint without prejudice to the plaintiff's

right to refile the complaint if he is able to have his conviction set aside as contemplated in *Heck v. Humphrey.*

**SO ORDERED.**